(3 App. Div. 460.)

STEINER et al. v. FARGO.

(Supreme Court, Appellate Division, First Department. April 10, 1896.)

PLEADING—AMENDMENT—WHEN PROPERLY DISALLOWED.

    When plaintiffs in an action for damages based their complaint on grounds upon which they knew they were not entitled to recover, the disallowance of an amendment setting up a different cause of action, after the failure of the evidence to sustain the one pleaded, was proper.

Exceptions from superior court of New York City, jury term.

Action by Joseph Steiner and David Steiner against James C. Fargo, as president of the Merchants' Despatch Transportation Company. Verdict was directed for defendant. Plaintiffs excepted, and the exceptions were ordered heard by the appellate division. Exceptions overruled.

The plaintiffs, who are copartners in the wholesale fur business in New York, bring this action to recover damages for the failure of the defendant's company (a joint-stock association, engaged in the transportation business) to transport within a reasonable time a case of Astrakhan furs, delivered by the plaintiffs to such company for transportation to Sterling, MacCredie & Co., at Toronto, Canada. In November, 1891, one of the firm of Sterling, MacCredie & Co. purchased of the plaintiffs a case of Astrakhan furs, either upon approval, or, as one of the plaintiffs states, "conditional to sample." David Steiner, one of the plaintiffs, testified: "I had three cases alike. One we kept in bond, which we shipped to Toronto; while one case Mr. Sterling seen here. We showed him how they run, and he said, 'If they run that way, send them on as quick as you can.' * * * That is what I mean by conditional to sample." The Mr. Sterling referred to was called as a witness for the defendant, and testified that his purchase of the skins was simply on approbation, and that there was no time specified for delivery. The goods were shipped by Merchants' Despatch on November 11th. In ordinary course, they should have arrived at Toronto within four or five days. By mistake, the goods were shipped via Montreal, instead of by the usual route, via Suspension Bridge; so that they did not reach their destination until November 26th. On that day Sterling, MacCredie & Co. wrote the plaintiffs as follows: "Dear Sirs: The lost case of Astrakhans arrived to-day from Montreal, and to say that we were disappointed on examining the same is to put it mildly. We thought you would ship us some decently fair skins, but such a poor lot of skins we never handled. We inclose manifest, which please have filled in and return, and we will have cases shipped back at once. Regretting that the transaction is so very unsatisfactory, we are," etc. On November 30th the plaintiffs replied: "Gents: Your letter to hand, and we are sorry to hear that the goods did not come up to your expectations, and that there should have been such a delay in delivering the goods to you, as we sold several similar cases here at

the time, and could also have sold the case we sent to you; but since then these goods have declined in value, and we could not realize the same price now. We claim that it is the fault of the Merchants' Despatch that the goods were sent to Montreal instead of Toronto, and, had they been forwarded immediately, we certainly could have ordered them back, and sold them. We wish you would write us to the effect that the goods have been delayed, and came too late to your place, as we intend to make complaint against the M. D. Hoping you will write us a letter to that effect, we remain," etc. Accordingly, on December 2d, Sterling, MacCredie & Co. accommodated the plaintiffs with a letter as follows: "Dear Sirs: Your case of Astrakhans invoiced to us 9 Novr., and shipped per Merchants' Despatch, arrived via Montreal 26th ult., too late to be of any use to us whatever. This delay has caused us serious loss, as the season is so far advanced. We have no time to manufacture up the goods, even if we could get them elsewhere. We await your instructions," etc. Upon the trial, at the close of the case, the plaintiffs asked to go to the jury upon the questions: "First. Was there any delay? And, second, was there any damage caused by it?"—and further asked to be allowed to conform the pleadings to the proof, in order to raise the above questions. This motion was denied, and the plaintiffs excepted. The court directed a verdict in favor of the defendant, to which the plaintiffs excepted, and the court ordered the exceptions to be heard here in the first instance.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Emanuel J. Myers, for plaintiffs.
Oliver P. Buel, for defendant.

O'BRIEN, J. The theory of the complaint is that the plaintiffs lost the sale of the Astrakhan skins to the consignees by reason of the delay in their delivery by the transportation company. Such cause of action, however, they failed to prove. Their testimony tended to show that the goods were sold by sample; but whether such sale was an absolute one or one subject to the approval of the consignees was brought in question. The weight of the evidence was favorable to the view that they were sent on approbation or approval; and, were there no other question in the case, there might be force in the plaintiffs' argument that the judge below should not have directed a verdict upon this ground, but should have submitted the question to the jury. This question, however, was not controlling, because it appears beyond cavil that the goods were rejected by the consignees because not according to the sample or contract, being, in their view, inferior in quality. Although, at the request of the plaintiffs, the consignees afterwards wrote a letter saying that the goods arrived too late to be of any use, and that such delay caused loss, still it is placed beyond doubt that the real ground of rejection was not the delay, but the inferior quality of the goods. It thus being shown that the delay was not what caused a loss of the sale of the goods to the consignees, the plaintiffs failed to prove their alleged cause of action.

It is insisted, however, that conceding that the goods were shipped subject to approval, as the transportation company failed to transport and deliver them diligently, the plaintiffs, having asked to be allowed to amend the pleadings so as to conform to the proof, should have been permitted to go to the jury upon the question of their damages. Such a ground, however, is entirely inconsistent with the

cause of action alleged, and the plaintiffs' motion was properly denied. But, even if granted, it would not have helped the plaintiffs, for the reason that there was a failure to prove any loss or damage by reason of the delay. We think, therefore, where, as here, the plaintiffs directly selected the ground upon which they based their right to recover, and endeavored to fortify this by inducing the consignees to write a letter which cannot be said to reflect credit on any of the parties, that, after it was found that such a theory would not prevail, the court was justified in disallowing an amendment which would have introduced a different cause of action, and which, as we have said, upon the evidence, even if allowed, would not have saved the plaintiffs' case.

We think that the direction in the defendant's favor was right, and that the exceptions should be overruled, and judgment directed for the defendant upon the verdict, with costs. All concur.